IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Thomas Moyler,
    Petitioner,

v.                             1:13cv311 (JCC/TCB)

Harold Clarke,
    Respondent.

MEMORANDUM OPINION

Thomas Moyler, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions of first degree murder and use of firearm during the commission of a felony in the Circuit Court for the City of Norfolk, Virginia. On November 25, 2013, respondent moved to dismiss the petition and Moyler was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Moyler filed a response and a Motion for Summary Judgment. Dkt. Nos. 12 & 13. Accordingly, this motion is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice, as time-barred. Moyler's Motion for Summary Judgment will be denied.

I. Background

In the Circuit Court for the City of Norfolk, a jury convicted Moyler of first-degree murder and use of a firearm. The charges stemmed from the murder of Kaief Cooper, whom Moyler shot seven times after an argument outside a nightclub. Moyler v. Commonwealth, Record No. 1493-09-1, slip op. at 9-10 (Mar. 3, 2010). Moyler was sentenced to a life plus three years term of incarceration. The court entered its final judgment on June 23, 2009. Moyler filed

a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on March 3, 2010. Moyler then appealed to the Supreme Court of Virginia, which denied his petition for appeal on November 18, 2010. Therefore, Moyler's convictions became final on February 18, 2011, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

On November 22, 2011,[2] Moyler filed an application for a state writ of habeas in the Circuit Court for the City of Norfolk, which the court dismissed as untimely and, in the alternative, as not entitling petitioner to relief. Moyler v. Warden, Sussex I State Prison, R. No. CL11008342 (Va. Cir. Ct. Mar. 21, 2012). Moyler appealed to the Supreme Court of Virginia, which refused the petition for appeal on December 6, 2012. Moyler then turned to the federal forum and filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 22, 2013,[3] raising the following claims:

> 1. Moyler was denied his right to a speedy trial in violation of the Sixth Amendment.
>
> 2A. Moyler's Due Process rights were violated when a suggestive identification procedure was used to have two eyewitnesses, Ronald Yancey and Tramel Kahill, identify him as the perpetrator.
>
> 2B. The Commonwealth violated Brady v. Maryland by failing to disclose whether Ronald Yancey and Tramel Kahill were given immunity from prosecution or other incentives to testify against Moyler.

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] By Order dated September 25, 2013, the Court made a preliminary finding that Moyler filed his state habeas petition on November 17, 2011 and stated that "it appears that [Moyler's federal] petition [was] timely." Docket # 6. For the reasons discussed infra Part II, it is now clear that Moyler's state habeas petition was filed November 22, 2011.

[3] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Moyler stated that he placed his petition in the prison mailing system on February 22, 2013.

2

> 2C. The Court erred when it required Moyler's alibi witness to testify in prisoner attire while the Commonwealth's jail house informant testified while wearing "civilian clothes."
>
> 2D. The Court erred when it admitted evidence that depicted Moyler as a drug dealer, while showing the jury a picture of the victim in his military apparel.
>
> 3. The evidence was insufficient to support Moyler's convictions.
>
> 4A. Moyler was denied effective assistance of counsel when trial counsel failed to object to the Commonwealth's jail house informant's testimony.
>
> 4B. The Court erred in admitting the testimony of Officer Stacey Shannon, who testified that Moyler admitted to murdering the victim.
>
> 4C. Moyler's counsel was ineffective or failing to object to Officer Stacy Shannon's testimony that Moyler assaulted her.

As noted above, respondent has moved to dismiss the petition, and Moyler has filed a reply. Accordingly, this matter is now ripe for disposition.

### III. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Moyler's convictions became final on February 18, 2011, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari after the Supreme Court of Virginia refused his direct appeal.

In calculating the AEDPA limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the

applicable state law as interpreted by state courts). Moyler commenced his first post-conviction proceeding on November 22, 2011, when he filed his petition for a state writ of habeas corpus in the Circuit Court for the City of Norfolk. In this case, however, the filing of the state habeas corpus petition did not act to toll the limitations period because the state petition was not timely filed.

As relevant here, Virginia law states that a state habeas corpus petition must be filed "within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2). The Supreme Court of Virginia denied Moyler's petition for appeal on November 18, 2010, which was the "final disposition of the direct appeal." See id. Thus, the one-year statute of limitations began to run on November 18, 2010. The Circuit Court for the City of Norfolk found that Moyler filed his state habeas petition on November 22, 2011, which was "outside [§ 8.01-654(A)(2)'s] time requirement." Moyler, R. No. CL11008342 at * 6. Accordingly, the petition was not "properly filed" and did not toll the limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely).

While this Court made a preliminary finding that Moyler's petition was filed on November 17, 2011, upon review of the state court records it is clear that the Circuit Court for the City of Norfolk found that Moyler filed his petition on November 22, 2011.[4] As such, we are

---

[4] Virginia's "mailbox rule" does not deem a pleading filed on the date it is placed in the prison mail. Rather, if it is placed in the prison mail by the date they are due, they are deemed timely. This is a safe harbor rule that deems a prisoner's pleading timely in cases where it otherwise would have been untimely. The rule has no application where the pleading is deposited late in the prison mail, thus notwithstanding that Moyler mailed placed his petition in the prison mail on November 21, 2011, it was filed when received by the court on November 22, 2011, and, in either event, was untimely. See Mears v. Mears, 206 Va. 444, 143 S.E.2d 889 (1965)(pleading filed when received by the clerk).

4

required to follow the state court's treatment of Moyler's petition.[5] See Johnson v. McCaughtry, 265 F. 3d 559, 564 (7th Cir. 2001) (holding that a federal court determines whether a petition is properly filed by "looking at how the state courts treated it").

The federal limitations period thus ran unchecked from February 18, 2011, the date petitioner's convictions became final, until this federal petition was filed on February 22, 2013. Since a total of over twenty-four (24) months of untolled time elapsed from the date the convictions at issue became final until this federal proceeding was filed, this petition is untimely.

### III. Equitable Tolling Does Not Apply

In Moyler's response to Respondent's Motion to Dismiss, he states that he gave his petition to Lt. RoundTree on November 17, 2011 because he was in segregation and could not walk to the mailroom. Resp. Mot. Dismiss 2. Moyler states that Lt. RoundTree "waited from November 17, 2011 to November 21, 2011, to deliver" Moyler's petition to the mail room.

While petitioner does not use the term, in effect he argues that the limitations period should be equitably tolled. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

---

[5] In reviewing Moyler's state habeas petition, the Circuit Court for the City of Norfolk found that Moyler's petition was untimely and, in the alternative, that his petition was without merit. It is well established that when a state court has ruled in the alternative that a claim is both procedurally defaulted and without merit, a federal court on habeas review should apply the procedural bar. Harris, 489 U.S. at 264, n. 10 ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.") (emphasis original). As such, this Court is confined to apply the procedural bar.

2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct, (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Moyler's arguments do support equitable tolling or show why his petition was timely filed. Moyler fails to demonstrate that he diligently pursued his rights. Almost twenty-four months elapsed between his convictions becoming final on November 11, 2011, and February 22, 2013, the date on which he filed his federal habeas petition. Petitioner cannot show that that he diligently pursued his rights such that he would be entitled to equitable tolling. See Oriakhi, 394 Fed. Appx. At 976. Further, as respondent rightly points out, Moyler waited eleven months to file his federal petition after the Norfolk Circuit Court held that his state petition was untimely. As such, this petition will be dismissed as barred by the statute of limitations.

### IV. Petitioner's Motion for Summary Judgment

In his Motion for Summary Judgment, Moyler argues that respondent has failed to comply with the Court's order dated September 25, 2013, which required him to "show cause" why the petition should not be granted. Mot. 1. Moyler states that by raising a "moot issue of the petitioner being time barred which is not a show cause when it is proven that the petitioner's

motion was indeed filed within required limitations," the respondent has failed to show cause why his petition should not be granted. Mot 2. He then argues that respondent violates his due process rights by "reserving the right to later address" the merits of Moyler's petition. Mot 4. Respondent has filed a response in opposition.

Moyler's argument that respondent failed to "show cause" by raising a statute of limitations defense is without merit. In the September 25, 2013 Order, this Court explicitly noted that our determination that Moyler filed his petition on September 17, 2011, was a mere preliminary determination and "does not preclude respondent from asserting a limitations defense should he find it appropriate." As such, respondent properly raised a valid statute of limitations defense. Moreover, as respondent correctly argues, summary judgment in favor of a § 2254 petition under the circumstances here would be outside the court's jurisdiction. See Allen v. Perini, 424 F. 2d 124, 134 (6th Cir. 1970). Petitioner's Motion for Summary Judgment will be denied.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and Moyler's petition will be dismissed with prejudice, as time-barred. Moyler's Motion for Summary Judgment will be denied. An Appropriate Order shall issue.

Entered this 20th day of June 2014.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge